UNITED STATES of America, Plaintiff–Appellee,

v.

Bonifacio MUNIZ–ORTEGA, Defendant–Appellant.

No. 88–1051.

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1988.

Robert R. Harris, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Janet E. Bauerle, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WILLIAMS and GARWOOD, Circuit Judges, and NOWLIN,* District Judge.

NOWLIN, District Judge:

In this appeal from his conviction for possession with intent to distribute marijuana, Appellant challenges the district court's denial of his motion to suppress and motion for judgment of acquittal.

We affirm.

## I.

### Factual Background

On the morning of September 27, 1987, Border Patrol Agent John McRae while traveling in an unmarked vehicle through Big Bend National Park to the San Vincente Crossing of the Rio Grande River spotted a large, flat-bed truck. The truck was traveling in the opposite direction away from the river and was being driven by an individual later identified as the Appellant. Agent McRae testified that this type of truck, although uncommon for the area, was commonly used for the illegal transportation of aliens across the United States–Mexico border. Agent McRae saw Appellant look at him, and then immediately turn his head back, looking toward the highway. Agent McRae noticed fresh mud on the tires, mud flaps, and lower parts of the truck. He reasoned that the truck probably became muddy at the San Vincente Crossing, an unmanned Class B port of· entry, approximately twelve to fifteen miles away. Persons that enter the United States through this port of entry, according to Agent McRae's testimony, must proceed to the nearest customs inspection station for that area which is located in Presidio, Texas.

Agent McRae turned around and began following the Appellant's vehicle. He noticed debris and scratches on the truck which heightened his suspicion that the vehicle had transported aliens or contraband into the United States through the San Vincente Crossing. After observing the truck turn onto the main highway and begin traveling in a direction away from the Presidio customs station, Agent McRae ran a license check on the truck and then stopped the truck for inspection. He began questioning Appellant about the origin and destination of his travel. Appellant stated that he had taken a load of hay into Mexico and was returning to Fort Stockton, Texas by way of the San Vincente Crossing. Agent McRae and another backup agent inspected the truck more closely and discovered an unaccountable space of six to eight inches between the bottom and top sides of the truck bed. While he was inspecting the truck, Agent McRae noticed that Appellant was extremely nervous and hesitant about answering questions. The condition of the truck bed, Appellant's demeanor, and the existence of the unaccountable space caused the agents to suspect that the truck had a false compartment which was probably being used to smuggle aliens or contraband.

After further questioning, the Agents then asked Appellant to drive the truck to a nearby Ranger district office for a more thorough inspection. At the office, Appellant again appeared extremely nervous.

* District Judge of the Western District of Texas, sitting by designation.

After removing certain portions of the truck bed, the Agents discovered a false compartment containing 239 pounds of marijuana.

Appellant presents two central issues on appeal:

(1) Whether the district court erred in denying his motion to suppress in which he claimed the border patrol agents made an illegal and warrantless stop and search of his flat-bed truck which led to the discovery of the marijuana in the hidden compartment of his vehicle; and

(2) Whether the district court erred in denying his motion for judgment of acquittal in which he claimed that the prosecution presented insufficient evidence upon which the jury could find that Appellant *knowingly* possessed marijuana with the *intent* to distribute. (Emphasis added).

For the reasons stated below, we affirm the district court as to both issues and uphold Appellant's conviction.

## II.

### Validity of the Stop and Search

Appellant argues that the district court erred in denying his motion to suppress because Agent McRae violated his Fourth Amendment rights by stopping and searching his truck without a warrant, probable cause, or reasonable suspicion. We disagree.

The district court applied the reasonable suspicion analysis of *United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) to the roving-patrol stop that led to the Appellant's arrest. The court concluded that the totality of the circumstances available to the Agents who stopped the Appellant was sufficient for the Agents to form a reasonable suspicion that the Appellant was engaged in criminal activity.

■ Appellant maintains on appeal that there was insufficient reasonable suspicion to support the stop and subsequent search. Reasonable suspicion is to be determined by considering the totality of the circumstances, including the "collective knowledge" of all officers in assessing the facts. *United States v. Kohler*, 836 F.2d 885 (5th Cir.1988). The Supreme Court first articulated this test in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and applied it to the stop of a vehicle near the border in the *Brignoni–Ponce* decision. The Court noted in *Brignoni–Ponce* that any number of the following factors may be considered in deciding whether there is reasonable suspicion to stop a vehicle in the border area:

(1) the characteristics of the area;

(2) the proximity to the border;

(3) the usual patterns of traffic on the particular road;

(4) previous experience with criminal traffic;

(5) recent criminal activity in the area;

(6) the driver's behavior;

(7) the type of vehicle; and

(8) the appearance of the vehicle.

*Id.*, 95 S.Ct. at 2582.

In *Kohler*, a case involving similar circumstances, we found that "while any single factor in isolation would be insufficient to support the stop, we consider the reasonableness of the officer's suspicion under the 'totality of the particular circumstances.'" *Id.*, 836 F.2d at 888–889. Applying the factors listed above to the present case, we are persuaded that Agent McRae had a reasonable suspicion and therefore acted legally and appropriately when he stopped the Appellant. The terrain, Appellant's conduct and direction of travel, the physical condition of the truck and its proximity to the border viewed in totality provided a constitutional basis for stopping Appellant's vehicle. After detecting the existence of a hidden compartment, and realizing that Appellant had failed to proceed to the nearest customs station, the Agents acted properly in conducting a border search for the contraband. *Kohler*, 836 F.2d at 889.

## III.

### Sufficiency of the Evidence

■ Appellant's second contention is that the district court erred in denying his

motion for judgment of acquittal because the Government failed to sustain its burden of proof. After reviewing the record, we find that the district court properly denied Appellant's motion for judgment of acquittal.

The Government had to prove three elements in order to convict the Appellant for a violation of 21 U.S.C. § 841: (1) knowing; (2) possession of marijuana; (3) with intent to distribute. *United States v. Williams–Hendricks,* 805 F.2d 496, 500 (5th Cir.1986). Appellant does not deny that marijuana was found in the secret compartment of the truck; however, he does challenge the sufficiency of the evidence that establishes that he knowingly and intentionally possessed the marijuana.

In reviewing a challenge to the sufficiency of the evidence, we will view the evidence in the light most favorable to the Government and, deferring to the trier of facts' reasonable inferences, will reverse the conviction only if a reasonable trier of fact could not find that the evidence established guilt beyond a reasonable doubt. *United States v. Bell,* 678 F.2d 547 (5th Cir.1982) (en banc). Reviewing the evidence presented in this case and the inferences that may be drawn from it in the light most favorable to the Government, we conclude that it was sufficient to enable a reasonable jury to find that Appellant committed a violation of 21 U.S.C. § 841. The district court therefore properly denied Appellant's motion for judgment of acquittal.

In conclusion, we find that, contrary to Appellant's assertions, the district court did not commit error in its conviction of Appellant for violation of 21 U.S.C. § 841. The district court's decision is therefore AFFIRMED.