**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

Lyle W. Cayce
Clerk

No. 11-50125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY JOE FALLIN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-268-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Billy Joe Fallin, Jr., appeals from his conditional guilty plea conviction for aiding and abetting possession with intent to distribute marijuana. He first argues that the district court erred by denying his motion to suppress the evidence found during a search of a pickup truck he was driving because the Border Patrol agent who stopped the truck did not have a reasonable suspicion that criminal activity was afoot. The area's close proximity to the border, the characteristics of the area and the vehicle, the agent's extensive experience in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50125

detecting illegal activity, Fallin's behavior in nervously checking the mirrors to keep an eye on the agent, and the information about recent illegal narcotics in the area, viewed in totality and in the light most favorable to the Government, provided a constitutional basis for stopping Fallin's truck. *See, e.g.*, *United States v. Vasquez*, 298 F.3d 354, 357–58 (5th Cir. 2002); *United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2001); *United States v. Muniz-Ortega*, 858 F.2d 258, 259–60 (5th Cir. 1988).

Fallin also contends that the district court erred by failing to apply the safety valve provision set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) to his sentence. He argues that, despite the Government's assertion otherwise, he fulfilled his duty to truthfully debrief regarding his offense. Given the number of inconsistencies between Fallin's written proffer and the facts set forth in the presentence report, the district court's determination that Fallin was not providing full disclosure was not clearly erroneous. *See United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996); *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.