**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 00-50656**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBERTO HILL, also known as**
**Roberto Avila,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(EP-97-CR-460-1-H)**

---

March 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Roberto Hill appeals his sentence based on his guilty plea conviction for conspiring to possess, and possession of, marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. Hill contends the district court clearly erred in finding he did *not* qualify for the safety-valve provision under U.S.S.G. § 5C1.2. *See* U.S.S.G. § 5C1.2 (allowing sentencing court to impose sentence below minimum mandatory if five criteria met).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hill was sentenced originally to 66 months' imprisonment and five years' supervised release for each conviction. He did *not* appeal. Claiming he was denied his right to appeal and effective assistance of counsel, Hill filed a *pro se* motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. He asserted, *inter alia*, that, as a result of his attorney's ineffectiveness, he was denied both an additional one-level reduction for acceptance of responsibility and a two-level reduction under § 5C1.2.

The magistrate judge appointed counsel to represent Hill, and conducted an evidentiary hearing. Recognizing that only the district judge could determine the applicability of the § 5C1.2 safety-valve provision, the magistrate judge recommended that the district judge review this issue in the light of the evidence presented by both parties.

The district judge granted Hill's § 2255 motion. At resentencing, with regard to his safety-valve claim, Hill emphasized: he had confessed; his confession led to the arrest of a co-defendant; and he had been debriefed by the Government. Although the district court granted Hill the requested additional one-level reduction for acceptance of responsibility, it concluded Hill did *not* qualify for the safety-valve provision because he had *not* provided complete information about both his criminal conduct and the conduct of others of which he had knowledge. Hill was sentenced to 60 months' imprisonment, six months less than his original sentence, and five years' supervised release.

We review for clear error the district court's decision *not* to apply § 5C1.2. ***United States v. Flanagan***, 80 F.3d 143, 145 (5th Cir. 1996). Hill maintains the district judge *clearly erred* in finding Hill did *not* qualify for the safety-valve provision. Hill claims this finding was *not* supported by the factual findings of the magistrate judge, to which there were *no* objections.

Upon review of the record, we conclude that the district judge's finding was *not clearly* erroneous. Hill testified at the evidentiary hearing that he answered the Government's questions, but did *not* volunteer additional information. Hill, thus, has *not* shown he disclosed *all* the knowledge he had concerning the offense to the Government. *See* U.S.S.G. § 5C1.2(5); ***Flanagan***, 80 F.3d at 146.

**AFFIRMED**