IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30864
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

L.S. POUNCY,

Defendant-Appellant.

_____

No. 00-30958
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLYDE O'NEAL, III,

Defendant-Appellant.

_____

No. 00-31146
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY LEE DEBOSE,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50082-3
---------------------
November 19, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

L.S. Pouncy and Clyde O'Neal appeal the sentences following their guilty plea convictions.  Pouncy pleaded guilty to conspiracy to possess with intent to distribute 50 or more grams of cocaine base.  O'Neal pleaded guilty to conspiracy to possess with intent to distribute 500 or more grams of cocaine.  Both Pouncy and O'Neal assented to a forfeiture-of-property count under 21 U.S.C. § 853.  Roy Lee Debose was convicted by a jury of two conspiracy counts, one to possess with intent to distribute 500 or more grams of cocaine and one to possess with intent to distribute 50 or more grams of cocaine base.

Pouncy argues that $100 special assessment should not have been imposed for his forfeiture count.  However, Pouncy did not raise this objection in the district court, and he has not shown that the imposition of the special assessment was plain error.  See United States v. Hernandez-Guevara, 162 F.3d 863, 870 (5th Cir. 1998); Fed. R. Crim. P. 52(b).  His sentence is AFFIRMED.

O'Neal argues that the district court should have credited his offense level by two because O'Neal was a minor participant in the offense.  Our review of the presentence report and sentencing record reveals that the district court did not clearly err by not sustaining O'Neal's role-in-the-offense objection.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Zuniga</u>, 18 F.3d 1254, 1261 (5th Cir. 1994).

O'Neal was also imposed a $100 special assessment for his

forfeiture count; however, like Pouncy, he does not show that the

special assessment was plain error.  O'Neal's sentence is

AFFIRMED.

Debose argues that there was insufficient evidence to

support his conviction for either of his conspiracy counts, that

there was a material variance between the trial evidence and the

conspiracy allegations in the indictment, that the district court

should have sentenced Debose within the Sentencing Guidelines

range for count two because he satisfied the requirements of the

safety-valve provision, that he should have been assessed only

one criminal history point, and that he should have received a

minimal-role-in-the-offense adjustment to his offense level.

Our review of the trial evidence reveals that Debose was

aware of the conspiracy and that he took actions to participate

in the conspiracy.  See <u>United States v. Puig-Infante</u>, 19 F.3d

929, 936 (5th Cir. 1994); <u>United States v. Morris</u>, 46 F.3d 410,

416 (5th Cir. 1995).  The evidence at trial did not prove that

Debose was involved in a conspiracy different than the one

alleged in the indictment; nor were Debose's substantial rights

affected.  See <u>United States v. Morgan</u>, 117 F.3d 849, 858 (5th

Cir. 1997); <u>United States v. Mikolajczyk</u>, 137 F.3d 237, 243 (5th

Cir. 1998).  The calculation of his criminal history category was

correct, Debose did not meet the requirements of 18 U.S.C.

§ 3553(f), and he was not entitled to be sentenced under the safety-valve provision.  See United States v. Flanagan, 80 F.3d 143, 146 (5th Cir. 1996).  The district court's refusal to credit Debose's offense level for a role-in-the-offense adjustment was not clear error.  See Zuniga, 18 F.3d 1254, 1261.

Debose's conviction and sentence are AFFIRMED.  Pouncy's and O'Neal's sentences are AFFIRMED.