IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40933
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAIME SALGADO-BUSTAMANTE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-499-1
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Jaime Salgado-Bustamante ("Salgado") appeals the sentencing
following his guilty plea for possession with the intent to
distribute marijuana.  Salgado argues that the district court
erred in denying application of the safety-valve provided in
U.S.S.G. § 5C1.2 because he timely provided to the Government
truthful information and evidence concerning the offense.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Under § 5C1.2, the district court may sentence a defendant without regard to the statutory minimum sentence if it is determined, <u>inter</u> <u>alia</u>, that the defendant truthfully provided the Government with "all information and evidence the defendant has concerning the offense[.]" § 5C1.2(5). The district court's decision whether to apply § 5C1.2 is reviewed for clear error. <u>United States v. Flanagan</u>, 80 F.3d 143, 145 (5th Cir. 1996). This court reviews the district court's legal interpretation of § 5C1.2 *de novo*. <u>See</u> <u>id.</u>

The district court's independent determination that Salgado's statement was not truthful is supported by the record and, therefore, the district court did not err in finding that Salgado was ineligible for the safety valve sentence adjustment. <u>See</u> <u>id.</u>

Salgado's sentence is AFFIRMED.