United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41392
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS FERNANDO OROZCO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-250-1
--------------------

Before KING, Chief Judge, and DEMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    Luis Fernando Orozco appeals his guilty-plea conviction of

possession with intent to distribute approximately 14.45

kilograms of cocaine.  Orozco argues that the district court

erred in failing to apply the "safety-valve" provision contained

in U.S.S.G. § 5C1.2 because he provided detailed information to

law enforcement agents at his arrest and before his initial

appearance and the fact that he provided information appeared in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the presentence report, which contains no statement that the information was false or lacking in detail. According to Orozco, the district court should have conducted its own independent review of the facts provided. We review for clear error. See United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996).

The record reveals that Orozco had not provided the name of the individual who approached him to drive the car containing the cocaine or the names of the people following him in another car. It is plausible that Orozco did know the names or other information about the other individuals. In any event, he did not communicate to the Government that he did not know the identities of the other individuals. See United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996)(citing with approval United States v. Rodriguez, 69 F.3d 136 (7th Cir. 1995)). Orozco did not meet his burden of credibly demonstrating that he provided the Government with all of the information that he could reasonably be expected to possess. See United States v. Miller, 179 F.3d 961, 968 (5th Cir. 1999). Therefore, Orozco has not demonstrated that the district court's determination that Orozco was not entitled to the safety-valve provision was implausible in light of the entire record. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).

Orozco also argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), overruled previous jurisprudence holding that drug quantity was a sentencing factor and not an element of the

offense and that the court cannot rewrite 21 U.S.C. § 841 to correct its unconstitutionality.  Therefore, Orozco argues that, even under plain-error review, that statute must be stricken as unconstitutional.  As Orozco acknowledges, his argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but he raises it here to preserve it for further review.  Accordingly, the district court's judgment is AFFIRMED.