**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 27, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50139
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellant - Cross - Appellee

     v.

CARLOS MOLINAR SANCHEZ

                    Defendant - Appellee - Cross - Appellant

                    ---------------------
          Appeal from the United States District Court
             for the Western District of Texas
                  USDC No. MO-01-CR-35-5
                    ---------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Carlos Molinar Sanchez appeals his convictions of conspiracy

to possess with intent to distribute more than 1,000 kilograms of

marijuana and aiding and abetting possession with intent to

distribute more than 100 kilograms of marijuana, and the

Government appeals the district court's application of the

safety-valve provision, U.S.S.G. § 5C1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sanchez argues that the evidence was not legally sufficient to support a conviction for conspiracy to possess with the intent to distribute more than 1000 kilograms of marijuana. At trial, evidence was adduced that established the existence of a large-scale marijuana-trafficking conspiracy, led by Sanchez's cousin. Although Sanchez testified that he was innocent of the charged crimes and presented witnesses who testified as to his law-abiding character, the jury was entitled to find the Government's witnesses' testimony credible. See United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). Viewing the evidence in the light most favorable to the Government, a reasonable trier of fact could have found that the evidence established that Sanchez was a member of the conspiracy. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

Sanchez also argues that the evidence was not legally sufficient to support the convictions for aiding and abetting possession with intent to distribute more than 100 kilograms of marijuana. Because Sanchez had dominion over the premises where the drugs were stored and repackaged, the jury could find that Sanchez had aided in the possession of or constructively possessed the drugs. See United States v. Onick, 889 F.2d 1425, 1429 (5th Cir. 1989). The jury could infer an intent to distribute because of the large amount of drugs involved. See United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992). The jury also could have found that, by helping in the loading and

unloading of the drugs, Sanchez was aiding the intent to distribute.  See United States v. Williams, 985 F.2d 749, 753 (5th Cir. 1993).  The evidence was sufficient to support the convictions.  See Ortega Reyna, 148 F.3d at 543.

The Government argues that the district court erred in granting the safety-valve reduction because Sanchez failed to truthfully debrief the Government.  The district court did not clearly err in implicitly finding that Sanchez had testified about everything he knew about the conspiracy and applying the safety-valve provision.  See United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996).  The judgment of the district court is AFFIRMED.