United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20703
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE NATIVIDAD FERNANDEZ, JR.,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-720-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jose Natividad Fernandez, Jr., appeals from his conviction

and sentence following a bench trial on stipulated facts for

conspiracy to possess with intent to distribute marijuana and for

possession with intent to distribute marijuana.  21 U.S.C.

§§ 841(a)(1), (b)(1), 846; 18 U.S.C. § 2.  Fernandez argues that

the district court erred in denying his motion to suppress

evidence of marijuana seized during a warrantless search.  Even

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

if Fernandez had an expectation of privacy in the garage and storage area searched, the district court's determination, that exigent circumstances justified the warrantless search, is not clearly erroneous.  See United States v. Vasquez, 953 F.2d 176, 179 (5th Cir. 1992); United States v. Rico, 51 F.3d 495, 501 (5th Cir. 1995).  Moreover, the entry into the garage and storage area was permissible as a protective sweep incident to Fernandez's arrest.  See Maryland v. Buie, 494 U.S. 325, 327 (1990); United States v. Watson, 273 F.3d 599, 603 (5th Cir. 2001).

Fernandez challenges the district court's refusal to award him a two-level decrease in his offense level pursuant to the safety-valve provision, U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2(a)(5). The district court did not err in determining that Fernandez was not entitled to a safety-valve reduction.  See United States v. Flanagan, 80 F.3d 143, 145-47 (5th Cir. 1996).

AFFIRMED.