United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40847
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PRESCILIANO QUIROZ-CASTRO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1624-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Presciliano Quiroz-Castro appeals the sentence imposed

following his guilty plea to possession with intent to distribute

more than five kilograms of cocaine.  Quiroz-Castro was sentenced

to the statutory minimum of ten years' imprisonment.  Through his

retained counsel, Quiroz-Castro contends, for the first time on

appeal, that the Government breached an oral plea agreement to

recommend a sentence below the mandatory minimum, pursuant to the

U.S.S.G. § 5C1.2 safety valve.  He contends in the alternative

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he is entitled to relief from the sentence because his counsel in the district court rendered ineffective assistance. Quiroz-Castro has filed a pro se motion for appointment of counsel, asserting that his counsel is requesting additional payment to continue his representation. Inasmuch as briefing in this case is complete, the pro se motion is DENIED.

Quiroz-Castro has not shown error in his sentence, plain or otherwise. The oral plea agreement obligated the Government to recommend a safety-valve reduction only if Quiroz-Castro qualified for the safety valve, and the record supports a determination that Quiroz-Castro did not meet his burden to show that he qualified by debriefing truthfully. See United States v. Miller, 179 F.3d 961, 968 (5th Cir. 1999); United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996). The record in this case is not sufficiently developed to resolve on direct appeal Quiroz-Castro's claim that his counsel in the district court rendered ineffective assistance. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).

AFFIRMED; MOTION DENIED.