United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-50992
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ENRIQUE GONZALEZ SANTANA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-468-3
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Enrique Gonzalez Santana pleaded guilty to conspiring to
distribute, possessing with intent to distribute, and aiding and
abetting in the possession with intent to distribute more than
100 kilograms but less that 1,000 kilograms of marijuana, in
violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1),
841(b)(1)(B), and 846.

        Santana argues that the district court committed error under
United States v. Booker, 125 S. Ct. 738 (2005), because it
engaged in impermissible judicial fact finding when it enhanced

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence based on a determination that Santana exercised a leadership role in the offense.

Santana did not object on this basis below and therefore this court's review is for plain error. United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517). Based on the offense charged in Santana's indictment and admitted by Santana during his guilty plea, Santana was subject to a five year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(B)(vii). Santana fails to explain why application of the statutorily mandated minimum sentence should be considered error under Booker. Moreover, although Santana argues that, but for the district court's determination of leadership role, he would have been eligible for sentencing pursuant to the lower sentencing range provided by the United States Sentencing Guidelines through the safety valve relief of 18 U.S.C. § 3553(f), Santana does not discuss the remaining safety valve requirements. See 18 U.S.C. § 3553(f). He thus does not meet his burden of proving safety valve eligibility. See United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996). Therefore, the district court was bound by the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(B)(vii). See United States v. Phillips, 382 F.3d 489, 498-99 (5th Cir. 2004).

For the foregoing reasons, the judgment of the district court is AFFIRMED.