United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 06-50042
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBERT FO, JR.,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Western District of Texas
(3:99-CR-811-1)**

---

Before DAVIS, BARKSDALE, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty in 1999 to conspiracy to possess, with intent to distribute, five kilograms or more of cocaine and to possession, with intent to distribute, 500 grams or more of cocaine, Robert Fo, Jr., contests his sentence in 2005, contending the district court clearly erred in denying him a safety-valve

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. (Fo was a fugitive for six years prior to sentencing.)

A district court's factual findings regarding a safety-valve adjustment are reviewed for clear error; its legal interpretations, *de novo*. **United States v. Miller**, 179 F.3d 961, 964 (5th Cir. 1999). As noted, Fo claims only clear error by the district court in its findings of fact.

"U.S.S.G. § 5C1.2, also known as the 'safety valve' provision, limits the applicability of statutory minimum sentences in certain cases, specifically, those involving less culpable defendants who fully assist the Government." **United States v. Treft**, 447 F.3d 421, 426 (5th Cir.) (internal citations omitted), *cert. denied*, 127 S. Ct. 555 (2006). To receive a safety-valve adjustment, a defendant must meet five criteria listed in § 5C1.2; if he does, the sentencing court may impose its sentence in accordance with the Guidelines rather than the statutory minimum. U.S.S.G. § 5C1.2(a); 18 U.S.C. § 3553(f).

In rejecting Fo's safety-valve-adjustment request, the district court found Fo had not satisfied § 5C1.2(a)(5), which requires that, "not later than the time of the sentencing hearing, the defendant ... truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan". § 5C1.2(a)(5). Fo maintains he made a timely and complete disclosure of all relevant facts surrounding

2

the commission of the offenses charged. He also claims the district court's factual findings as to drug quantities likewise support the necessary findings for a safety-valve adjustment.

The defendant has the burden of establishing eligibility for the safety-valve reduction, including showing he truthfully provided the Government with all relevant information and evidence regarding the offense. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Information in the Presentence Investigation Report, which the district court adopted in relevant part, shows: Fo's involvement in the drug conspiracy extended beyond the two kilogram deals to which he admitted; and he was actively involved in negotiations regarding a sale of 100 kilograms of cocaine, a fact Fo denies. Despite Fo's contentions to the contrary, a review of the record shows Fo failed to truthfully provide the Government with all information and evidence regarding the instant offenses. *See* U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f)(5); *Flanagan*, 80 F.3d at 146-47. Accordingly, because the district court's safety-valve-reduction finding is plausible in light of the record as a whole, *see United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996), its challenged finding is *not* clearly erroneous.

*AFFIRMED*