United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-61015
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CINTHEIA DENISE PARRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CR-127-1
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Cintheia Denisa Parra appeals her 235-month sentence following her guilty plea conviction for possession with intent to distribute in excess of 500 grams of a mixture and substance containing methamphetamine. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parra argues that the district court erred when it refused to grant her a two-level reduction pursuant to U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2(a)(5) based on its finding that she did not truthfully provide the Government with all the information and evidence she had concerning her offense. At sentencing Parra declined to put on any proof that she had provided complete and truthful information and she merely asserted that she had given all information she had about her role in the offense. She did not meet her burden of showing that she had. See United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996). In the light of the testimony at sentencing, the district court's finding that Parra did not provide complete and truthful information regarding her offense is plausible and, thus, not clearly erroneous. See Villanueva, 408 F.3d at 203.

She also argues that the district court erred by not reducing her offense level pursuant to U.S.S.G. § 3B1.2 based on her mitigating role in the offense. Her assertion that she merely stored the methamphetamine in her apartment is refuted by the record. Her role was not "'peripheral to the advancement of the illicit activity,'" Villanueva, 408 F.3d at 204 (citation omitted); it was "critical to the offense." United States v. Tremelling, 43 F.3d 148, 153 (5th Cir. 1995). The district court's refusal to award a mitigating role adjustment was not clearly erroneous.

Parra argues that she should have been granted a three-point reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) based on her acceptance of responsibility for her role in the charges against her. Parra did not argue below, and does not argue now, that hers is an extraordinary case in which both acceptance of responsibility and obstruction of justice adjustments should apply. See § 3E1.1, comment. (n.4). Parra's conduct, including smoking marijuana while in jail and absconding before sentencing, was inconsistent with acceptance of responsibility and outweighed any evidence of her acceptance of responsibility. See § 3E1.1, comment. (n.3). Thus, the district court did not clearly err in finding that she had not accepted responsibility.

Parra has not briefed adequately any argument that the district court erred when it enhanced her sentence pursuant to U.S.S.G. § 3C1.1 based on her obstruction of justice. See United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

Parra argues that the 235-month sentence is unreasonable. Her sentence was at the bottom of the properly calculated advisory guideline range. A sentence within such a range is entitled to "great deference." United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Giving great deference to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under 18 U.S.C. § 3553(a), we

conclude that Parra has failed to show that her sentence was unreasonable.  See id.

AFFIRMED.