# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-30853
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS FABIAN GUTIERREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-111-3

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos Fabian Gutierrez appeals the 120-month statutory minimum sentence imposed by the district court following his guilty plea conviction of possession with intent to distribute five kilograms or more of cocaine. Gutierrez contends that the district court clearly erred in denying a safety valve reduction under U.S.S.G. § 5C1.2. He argues that he truthfully provided the Government with all information in his possession regarding the offense. Gutierrez also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court did not provide an explanation sufficient to support its denial of the safety valve adjustment.

We will uphold the district court's decision whether a defendant qualifies for the safety valve if it is not clearly erroneous. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). A decision is not clearly erroneous unless it is not plausible in light of the entire record. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). We review the district court's legal interpretation of the safety-valve standard de novo. *United States v. Treft*, 447 F.3d 421, 426 (5th Cir. 2006).

In order to qualify for the safety valve adjustment, a defendant must satisfy five criteria. The fifth criterion, which is at issue here, requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 5C1.2(a)(5); *see also* 18 U.S.C. § 3553(f)(5). The defendant has the burden of showing eligibility for the safety-valve reduction, including showing that he truthfully provided the Government with all relevant information. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

At the sentencing hearing, Gutierrez testified that he had received direction from Jose Pasillas regarding cocaine trafficking, and he also maintained that, in his debriefings, he had accurately informed the Government of Pasillas's role. A law enforcement agent, however, testified that Gutierrez had made no mention during his debriefings of receiving direction from anyone. The district court implicitly credited the law enforcement agent's testimony in finding that Gutierrez's testimony at the sentencing hearing did not comport with his debriefings and that Gutierrez was not eligible for the safety valve adjustment, because he had not fully and truthfully debriefed.

The district court's factual determinations are plausible in light of the entire record and therefore are not clearly erroneous. *See Davis*, 76 F.3d at 84. Further, the factual findings expressed by the district court are sufficient to support the denial of the safety valve adjustment. *See United States v. Miller*, 179 F.3d 961, 968-69 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.