# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2011

Lyle W. Cayce
Clerk

No. 10-41233
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAJKUMAR RIKHIRAM,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-567-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rajkumar Rikhiram appeals from his jury verdict conviction for possession with intent to distribute approximately 2457.82 kilograms of marijuana and his sentence of 120 months of imprisonment and five years of supervised release. The Government has filed a motion to supplement the record on appeal with trial exhibits and a motion seeking reconsideration of this court's decision to allow Rikhiram to file the appendix he submitted with his reply brief. We grant the Government's motion to supplement the record. We grant the Government's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to strike as to the document at Tab A of the appendix and deny the Government's motion as to the remainder of the appendix.

Rikhiram argues that the evidence produced at trial was insufficient to support the jury's verdict because it failed to prove beyond a reasonable doubt that he had knowledge of the marijuana hidden in the trailer he was driving. Because he preserved this challenge below, we review this issue de novo to determine whether any reasonable trier of fact could have found that the Government proved the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Olguin*, 643 F.3d 384, 393 (5th Cir.), *cert. denied*, 80 U.S.L.W. 3218 ( 2011) (Nos. 11-6184 and 11-6294). We "view the evidence in the light most favorable to the jury verdict and . . . affirm if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt." *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999) (internal quotation marks and citation omitted). Rikhiram lied in his initial statement to the United States Border Patrol, he gave inconsistent accounts of the events preceding his arrest, the trailer he was transporting contained an extremely valuable amount of marijuana, and he informed law enforcement that he knew there was something illegal regarding the trailer. Accordingly, examination of the record shows that the Government offered sufficient circumstantial evidence of Rikhiram's knowledge of the hidden marijuana to meet this test.

Rikhiram contends that the district court erred by failing to apply the safety-valve provision to his sentence. We review the district court's legal interpretation of the safety-valve standard de novo, and we review the district court's determination of whether the defendant has provided full disclosure for clear error. *United States v. Treft*, 447 F.3d 421, 426 (5th Cir. 2006); *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Because Rikhiram initially lied to the United States Border Patrol, his subsequent recounting of the events preceding his arrest changed many times in significant respects, and he

continues to maintain his innocence, he has not shown that the district court clearly erred by finding that he had not truthfully debriefed for purposes of U.S.S.G. § 5C1.2(a)(5).

Rikhiram also argues that the district court erred by excluding testimony from Pam Fischer as a fact witness in his defense regarding certain post-arrest events involving a third party. This court reviews a district court's evidentiary ruling for an abuse of discretion. *United States v. Nguyen*, 504 F.3d 561, 571 (5th Cir. 2007). Rikhiram has failed to show that the district court abused its discretion by excluding that testimony.

The judgment of the district court is affirmed.

MOTION TO SUPPLEMENT RECORD ON APPEAL GRANTED; MOTION FOR RECONSIDERATION GRANTED IN PART, DENIED IN PART; JUDGMENT AFFIRMED.