# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50922
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONG VAN PHAM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-281

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cong Van Pham pleaded guilty to manufacturing 100 or more marijuana plants, and he was sentenced to the statutory minimum sentence of 60 months of imprisonment. In the present appeal, Pham challenges the district court's refusal to grant him relief under the safety valve. He argues that the district court committed legal error by failing to make an independent determination whether he had truthfully provided the Government with all of the information

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had regarding his offense. He maintains that instead of making an independent determination, the district court deferred to the Government's position that he had not truthfully provided all of the information he had about the offense. He contends that the district court's deference to the Government's position was demonstrated by the district court's failure to have the case agent called as a witness at sentencing.

If a defendant convicted of a drug offense meets the five requirements of the safety valve provision, the district court may sentence him "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). The fifth requirement of the safety valve provision, the only requirement at issue in the case, requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 3553(f)(5); § 5C1.2(a)(5). That a defendant does not have any information about the offense that the Government does not already know "shall not preclude a determination by the court that the defendant has complied with this requirement." § 3553(f)(5); § 5C1.2(a)(5). While the Government is entitled to make a recommendation regarding whether the safety valve should be applied, the district court makes the final determination. *See* § 3553(f). A defendant bears the burden of showing that he is entitled to relief under the safety valve. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). We review the district court's interpretation of the safety valve provision de novo, but its determination of whether the defendant has provided full disclosure is a factual finding reviewed for clear error. *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996).

No. 13-50922

While the statutory language provides that a district court may find that a defendant is eligible for safety valve relief despite the inability of the defendant to provide the Government with information about the offense that it did not already know, nothing in the statutory language requires the district court to make an independent determination. *See* § 3553(f)(5). Nevertheless, as Pham's eligibility for safety valve relief, specifically whether he had truthfully provided the Government with all of the information he had about the offense, was a disputed issue at sentencing, the district court was required to make a ruling on the issue. *See* FED. R. CRIM. P. 32(i)(3)(B).

At sentencing, the district court did not make an explicit ruling regarding whether Pham had provided the Government with all of the information he had concerning the offense and whether Pham was eligible for relief under the safety valve. Nevertheless, the district court's comments at sentencing questioning how Pham could have afforded two houses and multiple vehicles based upon his reported income and how Pham could have developed such a sophisticated marijuana growing operation in four months from 100 marijuana seeds demonstrated an implicit ruling that Pham had not truthfully provided the Government with all of the information he had about the offense. Additionally, in the written Statement of Reasons, the district court adopted the presentence report (PSR) without change, and the PSR stated that Pham was not eligible for relief under the safety valve because he had not truthfully provided the Government with all of the information that he had about the offense. While the Government offered to call its case agent as a witness at sentencing and the district court did not take the Government up on that offer, Pham did not seek to call any witnesses or present any rebuttal evidence at sentencing. Given these circumstances, the district court's implicit ruling that Pham was not eligible for safety valve relief because he had

3

No. 13-50922

not truthfully provided the Government with all of the information he had about the offense was sufficient. *See United States v. Huerta,* 182 F.3d 361, 364-65 (5th Cir. 1999).

Pham repeatedly asserted that he established the grow house in four months with 100 marijuana seeds he had obtained from a friend. The uncontested evidence set forth in the factual basis and PSR, however, showed that Pham's grow house was sophisticated and contained 760 marijuana plants. Additionally, the undisputed information in the PSR indicated that Pham owned two houses worth a combined total of $325,000 as well as three vehicles despite reporting a total of approximately $80,000 in income in the three years prior to his arrest. While Pham asserted at sentencing that he had obtained rental income from one of the houses and that both he and his wife worked as nail technicians, this did not explain how Pham and his wife obtained so many assets while reporting such little income. Given the implausible nature of Pham's explanation of the offense, the district court's determination that Pham had not truthfully provided the Government with all of the information that he had about the offense was not clearly erroneous. *See McCrimmon,* 443 F.3d at 457-58.

AFFIRMED.