# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 20-50139
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Diandra Marie Harvey,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-168-3

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Diandra Marie Harvey and two co-conspirators, Gilbert Flores and Shane Funkhouser, were charged with conspiracy to possess with intent to distribute at least 500 grams of methamphetamine. Harvey pleaded guilty to the charge and was sentenced below the advisory sentencing guidelines range

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50139

to the applicable mandatory minimum prison term of 10 years, to be followed by a five-year term of supervised release. On appeal, Harvey challenges the district court's denial of a safety-valve reduction and a minor-role reduction.

We review a district court's legal interpretation of the Sentencing Guidelines de novo and its findings of fact as to the application of the provisions for clear error. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996). Reasonable factual inferences drawn by the district court in support of its findings are also reviewed for clear error. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014).

Harvey first challenges the district court's refusal to apply the two-level reduction under U.S.S.G. § 2D1.1(b)(18) because she satisfied the safety valve requirements under 18 U.S.C. § 3553(f). Relevant here, § 3353(f)(2) sets forth the requirement that the defendant not possess a firearm—actually or constructively—in connection with the offense. *See United States v. Matias*, 465 F.3d 169, 174 (5th Cir. 2006).

The record indicates that Harvey was living with Flores in a motel room that contained an extensive amount of drugs and firearm magazines and ammunition. This evidence supports the district court's determination that a plausible inference exists that Harvey had knowledge of and access to the firearm. *See United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996). Harvey did not offer evidence proving that it was clearly improbable that she had constructive possession of the firearm. Thus, Harvey failed in her burden to prove the lack of a connection between the firearm found in Flores's vehicle and the drug conspiracy, and the district court therefore did not clearly err in declining to apply a safety-valve reduction under § 3553(f). *See Matias*, 465 F.3d at 173-74; *Flanagan*, 80 F.3d at 146-47; *Fields*, 72 F.3d at 1212.

No. 20-50139

Harvey next challenges the district court's denial of her request for a two-level minor-role adjustment under U.S.S.G. § 3B1.2. She argues that she "was substantially less culpable than the average participant" in her drug offense of conviction.

The record reflects that Harvey's drug offense of conviction involved a large amount of drugs, that Harvey assisted with storing and protecting the drugs involved in the conspiracy, and that Harvey assisted in the distribution of the drugs by accompanying Flores on drug sales and deliveries. This evidence supports the district court's determination that Harvey was not substantially less culpable than the average participant and does not leave one "with the definite and firm conviction that a mistake has been committed." *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal quotation marks and citation omitted); *see also United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014); § 3B1.2 cmt. n.3(C).

The district court's judgment is AFFIRMED.