# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50508
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Aureliano Moreno-Garcia,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-2373-1

———————————————————

Before Jolly, Stewart, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Aureliano Moreno-Garcia appeals the sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, possession with intent to distribute more than 500 grams of methamphetamine, conspiracy to import more than 500 grams of methamphetamine, and importation of more than 500 grams of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine.  He argues that the district court erred by denying him a safety-valve reduction based on a finding that he did not truthfully provide all information to the Government.  Relying on *United States v. Lima-Rivero*, 971 F.3d 518, 520 (5th Cir. 2020), Moreno-Garcia contends that the district court clearly erred by resting its denial on the case agent's speculative testimony, which was based solely on the agent's training and experience.

Under U.S.S.G. § 2D1.1(b)(18), a two-level reduction applies if the defendant meets the safety-valve criteria set forth in § 5C1.2(a)(1)-(5), including the requirement, relevant here, that prior to sentencing the defendant truthfully provide the Government with all known information about the offense and relevant conduct related to the offense.  *See* § 5C1.2(a)(5).  It is the defendant's burden to ensure "that he has provided all the information and evidence regarding the offense to the Government." *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).  This court reviews for clear error a district court's decision regarding the applicability of the reduction.  *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

The conclusion that Moreno-Garcia failed to provide all information was not based on speculation.  Rather, there was evidence, including inconsistent and implausible statements by Moreno-Garcia concerning the events, that support the district court's finding that he failed to satisfy § 5C1.2(a)(5).  Accordingly, the judgment is AFFIRMED.