# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30765
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Villareal,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CR-68-2

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Juan Villareal appeals the sentence imposed following his guilty plea convictions for one count of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine and heroin and two counts of unlawful use of communication facilities. He argues that the district court erred by denying his request for a two-level reduction, pursuant

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to U.S.S.G. § 2D1.1(b)(18), in light of the district court's finding that he failed to meet the safety valve criteria, as stated in U.S.S.G. § 5C1.2(a)(4). He asserts that the district court misinterpreted § 5C1.2(a)(4). He contends that he meets the safety valve criteria because he managed or supervised only one person, not "others," as stated in § 5C1.2(a)(4). This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and factual findings for clear error. *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015); *see United States v. Vasquez*, 161 F.3d 909, 910 (5th Cir. 1998).

We "consistently held that a § 3B1.1 enhancement alone is sufficient to preclude safety-valve relief." *United States Morales*, 122 F.4th 590, 597 (5th Cir. 2024). In doing so, this court has repeatedly interpreted § 5C1.2(a)(4) to indicate that the defendant does not meet the safety valve criteria if he has received an aggravating role adjustment pursuant to § 3B1.1, without analysis of corresponding guidelines commentary or the facts warranting the adjustment. *See, e.g.*, *United States v. Flanagan*, 80 F.3d 143, 147 (5th Cir. 1996). Accordingly, the district court did not err in its interpretation of § 5C1.2(a)(4) or clearly err in its finding that Villareal failed to establish that he met the safety valve criteria. *See, e.g.*, *Flanagan*, 80 F.3d at 145-47. Because Villareal did not meet the safety valve criteria, the district court did not clearly err in its finding that he did not qualify for a two-level reduction pursuant to § 2D1.1(b)(18). *See Gomez-Alvarez*, 781 F.3d at 791.

AFFIRMED.