**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2011

No. 10-50431
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO TORRES-DE LA CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-440-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

In accordance with a written agreement that contained a waiver of his appellate rights, Reynaldo Torres-De La Cruz pleaded guilty to one charge of importing more than five kilograms of cocaine and was sentenced to serve 120 months in prison and a five-year term of supervised release. He appeals his sentence, arguing that the district court erred by denying his request for a safety valve adjustment pursuant to U.S.S.G. § 5C1.2, that the prosecutor breached the plea agreement by making statements concerning application of the safety valve,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that the prosecutor committed misconduct by not giving him protection or reassurances that his cooperation would be rewarded. Additionally, he avers that the Government should be required to show that defendants have had a fair chance to earn the safety valve reduction. Our review of the record and pertinent caselaw shows that these contentions are unavailing.

The rearraignment transcript shows that Torres-De La Cruz freely and knowingly waived his appellate rights, and his claim concerning the district court's rejection of his request for a safety valve adjustment falls squarely within the category of claims covered by the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Accordingly, we decline to consider this claim.

Insofar as Torres-De La Cruz argues that the prosecution breached the agreement, this claim survives the waiver. *See United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). Nevertheless, this argument, which is reviewed for plain error only, is unavailing because the record reflects that the Government complied with the plain language of the agreement and that the disputed adjustment was denied because the district court found that Torres-De La Cruz did not qualify for it. *See United States v. Reeves*, 255 F.3d 208, 210 & n.2 (5th Cir. 2001).

Torres-De La Cruz's arguments concerning prosecutorial misconduct fail because he has not shown the prosecutor acted improperly or took action that rendered the proceedings unfair. *See Smith v. Phillips*, 455 U.S. 209, 219 (1982). His claim concerning the Government's burden is unworthy of relief because it is contrary to jurisprudence holding that the defendant has the burden of proving his eligibility for the safety valve reduction, including showing that he truthfully provided the Government with all relevant information. *See Smith*, 455 U.S. at 219; *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.