# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40948

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FABIAN GONZALEZ-LOYA,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-126-2

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Following a jury trial, Fabian Gonzalez-Loya was convicted of one count of conspiracy to possess with intent to distribute "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual)" in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was subsequently sentenced to 120 months imprisonment. Gonzalez-Loya now appeals both his conviction and sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40948

For the reasons stated below, we affirm in part, vacate in part, and remand to the district court for resentencing consistent with this opinion.

## I. DISCUSSION

Gonzalez-Loya first argues that the evidence presented at trial was insufficient to sustain his conspiracy conviction. At trial, Gonzalez-Loya moved for judgment of acquittal at the close of the Government's case and rested without introducing any evidence, properly preserving his sufficiency argument for our review. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995). Our task, then, is to determine whether, viewing the evidence in the light most favorable to the verdict, "a rational jury could have found the essential elements of the offense[] beyond a reasonable doubt." *United States v. Valdez*, 453 F.3d 252, 256 (5th Cir. 2006) (quoting *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992)). To prove a drug conspiracy, the Government must prove three elements beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *Id.* at 256–57. Gonzalez-Loya contends that the evidence at trial failed to establish the second and third elements of the offense: knowledge and voluntary participation.

We have held that "[d]irect evidence of a conspiracy is unnecessary" and "each element may be inferred from circumstantial evidence." *United States v. Mitchell*, 484 F.3d 762, 768–69 (5th Cir. 2007) (quoting *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994)). In addition, co-conspirator testimony, even from a witness who has chosen to cooperate with the Government in exchange for leniency, can be "constitutionally sufficient evidence to convict," so long as the testimony "is not factually insubstantial or incredible." *United States v. Nieto*, 721 F.3d 357, 367 (5th Cir. 2013) (quoting *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003)). As a matter of law,

No. 14-40948

testimony is incredible only if it describes "facts that the witness could not possibly have observed" or events that "could not have occurred under the laws of nature." *Valdez*, 453 F.3d at 257 (quoting *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994)).

Here, the evidence at trial included, among other things, testimony from Gonzalez-Loya's co-defendant, Steven Mark Chavez, who plead guilty in exchange for his cooperation and testimony. Chavez testified that he first met Gonzalez-Loya and another co-defendant, Javier Escalera, in October 2011. According to Chavez, Gonzalez-Loya and Escalera asked Chavez if he wanted to sell methamphetamine for them. Chavez testified that, over the next few months, he bought methamphetamine from Gonzalez-Loya and Escalera approximately once every two weeks—by his estimate, approximately sixteen times in total. According to Chavez, Gonzalez-Loya was present at most of the transactions and often counted the money. This testimony alone was sufficient to sustain Gonzalez-Loya's conviction, and Gonzalez-Loya does not attempt to show that it was incredible as a matter of law. *See Nieto*, 721 at 367; *Valdez*, 453 F.3d at 257. Therefore, Gonzalez-Loya's sufficiency challenge fails.

Gonzalez-Loya next argues that the district court erred in denying him a mitigating role reduction under U.S.S.G. § 3B1.2. The district court's denial of a mitigating role reduction is a factual finding that we review for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  A factual finding is not clearly erroneous if it is plausible in light of the entire record. *Id.* For a defendant to qualify as a minor participant, his or her actions must have been "peripheral to the advancement of the illicit activity." *Id.* at 204 (quoting *United States v. Miranda*, 248 F.3d 434, 446–47 (5th Cir. 2001)). Here, Chavez identified Gonzalez-Loya and Escalera as his methamphetamine suppliers and testified that they not only recruited him to sell narcotics for them but that he went on to purchase methamphetamine from them approximately sixteen

3

times. In light of this evidence, and the record as a whole, it is plausible that Gonzalez-Loya was not a minor or minimal participant in the criminal activity. Hence, the district court did not clearly err by denying him a mitigating role reduction.

Gonzalez-Loya next argues that the district court erred when it denied him safety-valve relief under U.S.S.G. § 5C1.2. When safety-value relief is granted, a district court sentences a defendant "in accordance with the application guidelines" but "without regard to any statutory minimum sentence." U.S.S.G. § 5C1.2(a). We review a district court's denial of safety-valve relief for clear error. *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996). Gonzalez-Loya bears the burden of proving his eligibility for safety-valve relief. *Id.* at 146–47. He contends that the district court based its denial on the mistaken legal premise that only defendants who plead guilty and qualify for an acceptance-of-responsibility adjustment are eligible for safety-valve relief. But, at the sentencing hearing, the district court explained that it was denying Gonzalez-Loya's request not because Gonzalez-Loya had gone to trial but because Gonzalez-Loya had not fully debriefed with the Government before sentencing, which is a necessary prerequisite to qualify for safety-valve relief. *See* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

Gonzalez-Loya further argues that he reached out to the Government in an attempt to debrief. "The defendant has the burden of ensuring that he has provided all the information and evidence regarding the offense to the Government." *Flanagan*, 80 F.3d at 146–47. But, Gonzalez-Loya does not point to anything in the record that adequately supports this argument, let alone any evidence that demonstrates he actually disclosed his knowledge of the methamphetamine scheme to the Government. Hence, the district court correctly denied his request for safety-valve relief. *See United States v. Ortiz*, 136 F.3d 882, 884 (2d Cir. 1997) (per curiam) (affirming the district court's

denial of safety-valve relief when the defendant had "done no more than express his willingness to the district court to provide the information").

Gonzalez-Loya next brings an ineffective assistance of counsel claim, arguing that his counsel was ineffective at sentencing. We generally do not review claims of ineffective assistance of counsel on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We make an exception only when the record is adequately developed to allow us to fairly evaluate the merits of the claim. *Id.* Here, the district court did not hear sworn testimony from trial counsel, and it did not make any factual findings as to whether she rendered ineffective assistance of counsel. Accordingly, the record is not sufficiently developed to permit direct review of Gonzalez-Loya's ineffective assistance claim. *See United States v. Kizzee*, 150 F.3d 497, 502–03 (5th Cir. 1998). Thus, we decline to consider Gonzalez-Loya's ineffective assistance claim without prejudice to his right to raise it again on collateral review under 28 U.S.C. § 2255. *See Isgar*, 739 F.3d at 841.

Finally, the Government detected an error in the district court's application of a statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) that was neither objected to at sentencing nor raised by Gonzalez-Loya on appeal. The record reflects that the district court sentenced Gonzalez-Loya to an enhanced mandatory minimum sentence of 10 years imprisonment based on a drug quantity that, although found by the jury beyond a reasonable doubt, was not alleged in the indictment.

The indictment charging Gonzalez-Loya alleged that he conspired to distribute "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and/or 5 grams or more of methamphetamine (actual), a violation of 21 U.S.C. § 841(a)(1)." This charge carries a statutory minimum sentence of 60 months imprisonment. 21 U.S.C. § 841(b)(1)(B). But, the jury found Gonzalez-Loya guilty of conspiring with intent to distribute "500

grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual)," which carries a statutory minimum sentence of 120 months imprisonment. 21 U.S.C. § 841(b)(1)(A). The Presentence Investigation Report ("PSR") found that Gonzalez-Loya's offense level was 32 with a sentencing guidelines range of 121 to 151 months imprisonment. The PSR also noted that he was subject to a 10 year statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A). At sentencing, the district court granted Gonzalez-Loya a two-point offense-level variance based on an upcoming guidelines amendment. With an offense level of 30, the district court stated that Gonzalez-Loya was subject to a guidelines range of 97 to 121 months imprisonment. But, because of the 10 year statutory minimum, his sentencing range was actually only 120 to 121 months. ROA.1003. The district court sentenced Gonzalez-Loya to 120 months imprisonment and 5 years supervised release. The Government concedes that application of a statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was in error and does not oppose remand for resentencing.

In "very rare instances," we will apply plain error review to issues "neither preserved below *nor* argued on appeal." *United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc). Under plain error review, there must be an error that is clear or obvious and that affects the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt." *United States v. O'Brien*, 560 U.S. 218, 224 (2010). In *Alleyne v. United States*, the Supreme Court held that any fact that increases the mandatory minimum sentence applicable to a defendant is an element of the crime and must be submitted to the jury for proof beyond a

reasonable doubt. 133 S. Ct. 2151, 2155 (2013). In this case, because application of 21 U.S.C. § 841(b)(1)(A) increased the mandatory minimum sentence applicable to Gonzalez-Loya, the Government was required to include the enhanced statutory penalty in its indictment. *See United States v. Daniels*, 723 F.3d 562, 570 (5th Cir. 2013) ("[I]f the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the [drug] quantity must be stated in the indictment and submitted to the [fact finder] for a finding of proof beyond a reasonable doubt" (quoting *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir. 2000)))

In light of the Supreme Court's holding in *Alleyne* and this Court's precedent, the district court's application of a 10 year statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was clear error. The Government concedes that Gonzalez-Loya meets the standard for plain error and does not oppose remand for resentencing. *Cf. United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014) ("On occasions when the PSR or district court mistakenly applies a higher statutory minimum sentence, resentencing often occurs as a matter of course because the Government concedes the error."). We agree. *See, e.g.*, *United States v. John*, 597 F.3d 263, 284–289 (5th Cir. 2010); *United States v. Price*, 516 F.3d 285, 288–90 (5th Cir. 2008). Accordingly, Gonzalez-Loya's sentence is vacated, and the case is remanded for resentencing consistent with this opinion.

## II. CONCLUSION

For the foregoing reasons, we AFFIRM IN PART, VACATE IN PART, and REMAND for resentencing consistent with this opinion.