# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40446
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
June 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN GONZALEZ-LOYA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-126-2

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fabian Gonzalez-Loya was convicted of conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirmed his conviction but vacated his sentence and remanded the case for resentencing holding that in light of *Alleyne v. United States*, 133 S. Ct. 2151

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40446

(2013), and circuit precedent, "the district court's application of a 10 year statutory minimum sentence under . . . § 841(b)(1)(A) was clear error." *United States v. Gonzalez-Loya*, 639 F. App'x 1023, 1027 (5th Cir. 2016).

Gonzalez-Loya now appeals the district court's imposition of a special condition of supervised release that was not orally pronounced at resentencing but was included in the amended judgment. Because the alleged error—the violation of Gonzalez-Loya's constitutional right to be present at sentencing—did not exist at the time of Gonzalez-Loya's first sentencing and could not have been raised in his original appeal, the law-of-the-case doctrine and mandate rule do not preclude our review of this issue. *See United States v. Lee*, 358 F.3d 315, 320-21 (5th Cir. 2004); *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998).

The financial disclosure condition is not a mandatory or standard condition of supervised release. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a), (c) (p.s.); Eastern District of Texas Conditions of Supervision. Further, the financial disclosure condition is not recommended by the Sentencing Guidelines in Gonzalez-Loya's case because the district court did not impose an order of restitution, forfeiture, notice to victims, or fine. *See* § 5D1.3(d)(3) (p.s.); *cf. United States v. Torres-Aguilar*, 352 F.3d 934, 937-38 (5th Cir. 2003). Because the amended judgment contains a special condition of supervised release that was not in the oral pronouncement of sentence, a conflict exists, and the case must be remanded for the district court to amend the written judgment to conform to the oral sentence by deleting the financial disclosure special condition. *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003).

Gonzalez-Loya also contends that the case should be remanded to the district court for the correction of a clerical error in the amended judgment.

No. 16-40446

The amended judgment incorrectly states that Gonzalez-Loya was sentenced under § 841(b)(1)(A). *See Gonzalez-Loya*, 639 F. App'x at 1027-28. The judgment must be corrected to reflect that Gonzalez-Loya was sentenced under § 841(b)(1)(B). *See* FED. R. CRIM. P. 36; *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

Accordingly, we REMAND for amendment of the written judgment to conform to the oral pronouncement and correct the clerical error.