# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2022

Lyle W. Cayce
Clerk

No. 20-50585

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Ussery,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-35-1

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

Andrew Ussery pleaded guilty to conspiring to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Ussery was sentenced to 188 months' imprisonment. On appeal, Ussery challenges the factual basis of his sentence and the district court's refusal to grant safety-valve relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50585

Guidelines or an equivalent variance. Because there was a sufficient factual basis for Ussery's sentence and no procedural or substantive error, we AFFIRM.

Ussery executed a factual basis for his plea. The factual basis establishes the following facts. An Odessa Police Department detective encountered Ussery in the parking lot of the MCM Grande Hotel and Fun Dome. Knowing that Ussery had outstanding arrest warrants, the detective contacted the Texas Department of Public Safety, which then initiated a traffic stop. Ussery fled the traffic stop, crashed, and threw a bag of about 326 grams of methamphetamine out of the car window and over a barbed wire fence. Ussery's car also contained Psilocybin mushrooms. Ussery was arrested and transported to the Odessa Police Department.

After reading Ussery his Miranda rights, law enforcement learned that Ussery had two hotel rooms at the MCM Fun Dome. Law enforcement returned to the hotel, where they found a woman in one room and more methamphetamine in both. Ussery was indicted on one count of conspiring to possess with intent to distribute fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).

Ussery pleaded guilty. The district court accepted Ussery's plea, and the Probation Office prepared a presentence investigation report (PSR). The PSR first calculated the quantity of drugs attributable to Ussery. It relates that on the night in question, officers at the hotel located a woman—different from the one in Ussery's hotel room—under investigation by the DEA. After being read her Miranda rights, the woman stated that she was talking with Ussery on the phone when he was stopped by law enforcement, that she believed Ussery to be high on mushrooms at the time, and that she had distributed "approximately one pound (453.592 grams) of methamphetamine for Ussery beginning in approximately October 2019."

2

No. 20-50585

Based on the woman's statement and the amount of methamphetamine in the hotel rooms and the bag Ussery threw over the fence, the PSR concluded that Ussery was responsible for a total of 758.292 grams of methamphetamine.

The PSR gave Ussery a Total Offense Level of 33 and a Criminal History Category of IV. Based on these scores, the PSR calculated an imprisonment range of 188–235 months. The district court adopted the PSR recommendation and sentenced Ussery to 188 months' imprisonment.

Ussery first argues that there was an insufficient factual basis for the woman's statement that he supplied her with a pound of methamphetamine. The district court may consider facts in a PSR as long as they "have an adequate evidentiary basis with sufficient indicia of reliability." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007)). If they do, the burden flips to the defendant to present rebuttal evidence "demonstrating that those facts are 'materially untrue, inaccurate or unreliable.'" *Id.* (quoting *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir. 1999)).

The facts have an adequate evidentiary basis with sufficient indicia of reliability. The woman was at the MCM hotel; Ussery had two rooms at the MCM. The woman stated that she distributed methamphetamine for Ussery in the past; Ussery pleaded guilty to conspiring to distribute methamphetamine. The woman believed that Ussery was high on mushrooms in his car; and Ussery had mushrooms in his car. This is an adequate evidentiary basis with sufficient indicia of reliability. Because

No. 20-50585

Ussery presented no rebuttal evidence, the district court did not err in relying on those facts.[1]

Construed generously, Ussery's brief raises two further alleged errors. First, Ussery argues that the district court erred by applying the "criminal history" factor in § 5C1.2 of the Guidelines instead of the amended factor in 18 U.S.C. § 3553(f). Second, he argues that the district court wrongly declined to grant an equivalent downward variance.

Section 3553(f) provides safety-valve relief for defendants who meet five requirements. Where, among other requirements, a defendant has four or fewer criminal history points and sufficiently cooperates with law enforcement, the district court must "impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). The Guidelines provide analogous relief in § 5C1.2, which generally reproduces the factors in § 3553(f). Furthermore, the Guidelines require a two-level Offense Level reduction for defendants who satisfy the

---

[1] "[O]ut-of-court declarations by an unidentified informant may be considered 'where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means.'" *United States v. Young*, 981 F.2d 180, 186 (5th Cir. 1992) (quoting commentary to U.S.S.G. § 6A1.3). Ussery has not argued that the government lacked good cause for nondisclosure and does not argue it here. *See id.* at 187. Even if he did raise the issue, "[w]e will not find plain error in the failure to adequately justify nondisclosure of [confidential informants] unless it is clear from the record that this rendered the sentencing process wholly unreliable." *Id.* The nondisclosure did not have this effect.

In his reply brief, Ussery also notes the government's admission of ambiguity in the sentencing transcript about whether the woman in Ussery's room and the unidentified informant were one and the same. Although the sentencing transcript was ambiguous, the PSR was not. Furthermore, we do not "entertain arguments raised for the first time in a reply brief." *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). Because the alleged ambiguity occurred at sentencing, Ussery should have objected at that time.

requirements of § 5C1.2. U.S.S.G. § 2D1.1(b)(18). However, the Guidelines have not been amended to conform to the current § 3553(f), and § 5C1.2 still precludes from relief defendants—like Ussery—with more than 1 criminal history point. U.S.S.G. § 5C1.2(a)(1). Accordingly, Ussery asked the district court for a variance equivalent to the two-level Offense Level reduction from which he would not be precluded if the Guidelines reflected the current § 3553(f). The district court declined to grant the downward variance.

We review federal criminal sentences for reasonableness. *Harris*, 702 F.3d at 229. First, we ensure that the district court committed no significant procedural error, such as "improperly calculating the Guidelines range, treating the Guidelines as mandatory, or selecting a sentence based on erroneous factors." *Id*. We review the interpretation and application of the Guidelines *de novo*, subject to the harmless error standard. *United States v. Torres-Perez*, 777 F.3d 764, 768 (5th Cir. 2015). Next, we review the substantive reasonableness of the sentence. *Harris*, 702 F.3d at 229. Substantive reasonableness is reviewed for abuse of discretion and includes claims that the district court erred in denying a downward variance. *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020).

The district court did not procedurally err. The government contended at sentencing that Ussery did not sufficiently cooperate with law enforcement as required for relief under § 5C1.2. It is the defendant's burden to show that he satisfies this element, and Ussery did not do so. *See United States v. Gonzalez-Loya*, 639 F. App'x 1023, 1026 (5th Cir. 2016). Ussery is therefore not entitled to safety-valve relief under § 5C1.2.

Even if he were, to the extent Ussery argues that the district court misapplied or misinterpreted § 5C1.2 by failing to apply the amended "criminal history" factor in § 3553(f), any such error would be harmless. Safety-valve relief under § 5C1.2 would have decreased Ussery's

No. 20-50585

recommended guideline range from 188–235 months to 151–188 months. As the district court explained at relative length, it would have imposed the 188-month sentence even under the lower range. Because the district court would have imposed the 188-month sentence either way, any error in failing to grant relief under § 5C1.2 would be harmless.[2]

Finally, Ussery's sentence is substantively reasonable. A "sentence within a properly calculated Guideline range is presumptively reasonable."[3] *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). There is nothing to suggest that Ussery's sentence is unreasonable, and Ussery fails to rebut the presumption to the contrary.

\*      \*      \*

For these reasons, the district court's sentence is AFFIRMED.

---

[2] Few cases have addressed whether § 5C1.2 incorporates the amended § 3553(f) factors as opposed to the factors it expressly lists. *See United States v. Leri*, 849 F. App'x 898, 900 (11th Cir. 2021) (suggesting that § 5C1.2 does not incorporate the amended criteria in § 3553(f) and concluding that the district court's decision to that effect was not plain error); *United States v. Shanklin*, 835 F. App'x 145, 146 (7th Cir. 2021) (concluding that an argument that § 5C1.2 incorporates the amended § 3553(f) factors would be frivolous). We need not weigh in either way. We note only that because Ussery did not argue below that the amended § 3553(f) factors apply instead of those in § 5C1.2, plain-error review applies to this claim. *United States v. Duke*, 788 F.3d 392, 396 (5th Cir. 2015). Under plain-error review, the "defendant must show a clear or obvious error that affects his substantial rights." *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011). Even assuming plain error, as explained above, the error would be harmless and therefore would not affect Ussery's substantial rights.

[3] We have held that even when a district court miscalculates the guideline range, its sentence is presumptively reasonable if it falls within the properly calculated guideline range. *United States v. Medina-Argueta*, 454 F.3d 479, 483 (5th Cir. 2006). Because the 188-month sentence falls within both the higher and lower guideline ranges, it would be presumptively reasonable no matter which range applies.