# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2020

Lyle W. Cayce
Clerk

No. 19-10793
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FIDEL ALAIN MARTIN-SOSA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-41-10

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Fidel Alain Martin-Sosa appeals the 135-month sentence he received for conspiring to deal methamphetamine. He argues that the district court erred in denying him mitigating-role and safety-valve adjustments. Seeing no error under our deferential standard for reviewing those rulings, we AFFIRM.

We review the district court's guidelines determinations for clear error. *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017); *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10793

*States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011).  A decision is not clearly erroneous if it is "plausible in light of the record as a whole." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

The mitigating-role provision of the Sentencing Guidelines "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. (n.3(A)).  The commentary to § 3B1.2 provides a "non-exhaustive list of factors" to consider in determining whether to reduce the offense level, and, if so, by how much. *Id.* § 3B1.2, comment. (n.3(C)(i)-(v)).  The burden is on the defendant to demonstrate his entitlement to the downward adjustment.  *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016).

The record details Martin-Sosa's participation in the drug transaction and demonstrates that he understood that he was involved in a conspiracy to traffic three kilograms of methamphetamine, that he participated in at least some of the planning or organizing for that crime, and that he would be paid for his involvement.  *See* U.S.S.G.  § 3B1.2, comment.  (n.3)(C)(i)-(v)).  Accordingly, application of the factors counsels against the adjustment and demonstrates that Martin-Sosa was not "peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (citation omitted).  Although there may be some evidence weighing in favor of finding that Martin-Sosa had a mitigating role, when some factors support the adjustment, but others do not, the district court does not clearly err in denying the adjustment. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017).  The district court therefore did not clearly err in rejecting the mitigating-role adjustment.  U.S.S.G. § 3B1.2, comment. (n.3(A)); *see Zuniga*, 720 F.3d at 590.

A two-level "safety valve" adjustment applies for drug offenses if the defendant meets certain criteria. *Id.* §§ 2D1.1(b)(18); § 5C1.2(a). The district court held that Martin-Sosa did not meet the requirement that he truthfully provide the Government with all known information about "the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *Id.* § 5C1.2(a)(5); *see* 18 U.S.C. § 3553(f)(5). The defendant has the burden of establishing eligibility for such a reduction. *See United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). The record contains evidence to suggest that Martin-Sosa did not fully and truthfully provide the Government with all known information regarding his financial stake in the conspiracy or how he became involved in the crime. As a result, the district court did not clearly err in denying the safety-valve adjustment. *See Zuniga*, 720 F.3d at 590 (citation omitted).

Finally, to the extent that Martin-Sosa attempts to challenge the substantive reasonableness of his within-guidelines sentence on the basis that his sentence fails to take into account his entitlement to the safety-valve and mitigating-role adjustments, his claim is reviewed under a deferential abuse-of-discretion standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). The record does not reflect that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Rather, Martin-Sosa's arguments amount to no more than a request for this court to reweigh the § 3553(a) factors, which this court will not do as the district court is "in a superior position to find facts and judge their import under § 3553(a) with

respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citation omitted).

The judgment of the district court is AFFIRMED.