United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50514
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLFO GONZALEZ-COMPEAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-25-2
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Rudolfo Gonzalez-Compean (Gonzalez) appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and possession with intent to distribute 100 kilograms or more of marijuana.

Gonzalez contends that the district court clearly erred in denying him a safety-valve reduction because he made a timely and complete disclosure of all relevant facts surrounding the commission of the offenses charged. According to Gonzalez, his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent inconsistent statements do not undo the fact that he made a complete disclosure at the time of his arrest and, thus, the Government had the full benefit of the information he provided to aid in its further investigation of the criminal scheme in which he participated.

Gonzalez has failed to show that he truthfully provided the Government with all information and evidence regarding the instant offenses. See U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5); United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996). At the time of his arrest, Gonzalez admitted that he had transported marijuana into the United States twice before. He then recanted this statement and denied ever having transported marijuana into the United States. Gonzalez maintained this position at sentencing, but, after conferring with counsel, asserted that he had transported marijuana into the United States once before and that the agents simply misinterpreted what he said during the post-arrest interview. Gonzalez's inconsistent statements call into question his truthfulness. Therefore, the district court's factual finding that Gonzalez was not entitled to a safety-valve reduction is plausible in light of the record as a whole, and the district court did not clearly err in denying Gonzalez a safety-valve reduction. See United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995) (denying application of § 5C1.2 because the defendant provided conflicting accounts of the offense).

Gonzalez also contends that the district court erred when it

denied his request to continue the sentencing hearing to afford him an opportunity to amend and explain his safety-valve statement. Gonzalez has failed to show that the district court abused its discretion in denying his request to continue the sentencing hearing or that he suffered prejudice as a result of the district court's denial.  See United States v. Peden, 891 F.2d 514, 519 (5th Cir. 1989).

Accordingly, the district court's judgment is AFFIRMED.