# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50395
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Luis Sanchez Rodriguez, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-113-1

———————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Jorge Luis Sanchez Rodriguez, Jr. pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine. On appeal, he challenges the district court's written judgment and its denial of a sentence reduction under the safety-valve provision of the Sentencing Guidelines. To qualify for safety-valve relief, he

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50395

has the burden of establishing eligibility for such a reduction, including showing that he timely and truthfully provided the government with all relevant information and evidence concerning the offense. U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5); *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

This court reviews the district court's decision whether to apply the safety valve for clear error and its interpretation of the guideline de novo. *Flanagan*, 80 F.3d at 145. "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014) (citation omitted).

Sanchez Rodriguez contends that he provided a complete and truthful account of his offense and relevant conduct during his initial interview and therefore satisfied his obligation under § 5C1.2(a)(5). However, his PSR notes that he was "deceptive and vague" during his interview and that "his story kept changing." **ROA.272-73.** This court affirms the denial of safety-valve reductions when the defendant has made inconsistent statements to law enforcement or to the sentencing court. *See, e.g.*, *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995); *United States v. Gonzalez-Compean*, 179 F. App'x 904, 905 (5th Cir. 2006) (per curiam). Such behavior does not meet the guideline's requirement of "*truthfully* provid[ing] . . . all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5) (emphasis added).

Sanchez Rodriguez complains that he *tried* to meet his burden by requesting a debriefing with the government multiple times, but that he was rebuffed. **ROA.255.** The government responds, claiming that it "is not required to debrief anyone." *Id.* It further notes that Sanchez Rodriguez did not have to participate in a debrief to meet his burden, as he could have provided everything he knew in the form of a proffer. **ROA.256.**

2

In *United States v. Flanagan*, we held that the government need not solicit safety-valve information via a debrief. 80 F.3d at 146. Instead, it is the defendant's burden to ensure that all information has been provided by the time of sentencing. *Id.* at 146-47 (citation omitted). The facts here are slightly different than those in *Flanagan*, as Sanchez Rodriguez did allegedly attempt to debrief with the government. However, since Sanchez Rodriguez had alternative avenues to meet his burden beyond seeking a debriefing, such as offering a written proffer, we hold that the district court did not clearly err in ruling that this burden was not met. *See United States v. Ortiz*, 136 F.3d 882, 884 (2d Cir. 1997) (citing *Flanagan*, 80 F.3d at 146) (holding that merely "express[ing] a willingness to provide the required information" does not meet a defendant's burden); *United States v. Milkintas*, 470 F.3d 1339, 1345-46, 1346 n.4 (11th Cir. 2006) (citing *United States v. Brack*, 188 F.3d 748, 763 (7th Cir. 1999)) (explaining that, without a truthful written proffer, willingness to be debriefed does not "satisfy the disclosure requirement" of the safety-valve provision).

Sanchez Rodriguez also contends that his written judgment failed to conform to the district court's orally pronounced sentence because it did not specify that his federal sentence would run concurrently with any subsequently imposed state sentence. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006) (discussing conflicting judgments). The government is correct in responding that, because the state has formally declined to prosecute Sanchez Rodriguez for his conduct, any challenge to this discrepancy is moot. Victory on appeal would have no actual consequences for him. *See Burke v. Barnes*, 479 U.S. 361, 363-64 (1987).

The judgment of the district court is AFFIRMED.