# United States Court of Appeals for the Fifth Circuit

---

No. 23-50217
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cesar Ortega,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1964-1

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Cesar Ortega pleaded guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 (conspiracy), 841 (prohibiting possession with intent to distribute cocaine). He received a within-Guidelines 120-months' imprisonment sentence, the statutorily-imposed mandatory minimum. Ortega challenges the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's denial of a safety-valve adjustment, including its claimed failure to make specific findings on why it denied the adjustment.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The court denied the adjustment because it found Ortega's safety-valve statement untruthful and incomplete. *See* 18 U.S.C. § 3553(f)(5) (permitting safety-valve adjustment if, *inter alia*, "defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense"); Guideline § 5C1.2(a)(5) (same); Guideline § 2D1.1(b)(18) (decreasing by two levels if safety-valve applies). At sentencing, the court identified specific falsehoods in Ortega's written safety-valve statement. *See United States v. Lima-Rivero*, 971 F.3d 518, 522 (5th Cir. 2020) (requiring "that evidence more than 'speculation' or 'mere conjecture' is presented" (citation omitted)). Those findings are plausible in the light of the record as a whole and, therefore, not clearly erroneous. *Id.* at 520 (outlining clear-error review); *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996) (placing burden of establishing safety-valve eligibility on defendant).

Accordingly, it is not necessary to address the district court's separate ruling on the timeliness of Ortega's statement. *See United States v. Roussel*,

No. 23-50217

705 F.3d 184, 195 (5th Cir. 2013) ("We may affirm the district court's judgment on any basis supported by the record.").

AFFIRMED.