# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-51118
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Federico Juarez, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-81-2

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Federico Juarez, Jr., appeals the sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine. He challenges the finding that his offense involved more than 500 but less than 1.5 kilograms of actual methamphetamine, resulting in a base offense level of 34. He further appeals

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court's denial of relief under the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18).

The district court's drug quantity calculation is a factual determination reviewed for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

The district court's drug quantity determination was based upon reliable information contained in a lab report referenced in the PSR Addendum and photographic evidence presented at sentencing. Further, Juarez did not offer competent rebuttal evidence. *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). The district court's determination that Juarez's offense involved more than 500 but less than 1.5 kilograms of actual methamphetamine is plausible in light of the record as a whole. Thus, Juarez has failed to show clear error. *See Barfield*, 941 F.3d at 761.

We review the district court's decision whether to apply U.S.S.G. § 5C1.2 for clear error. *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996). Juarez had the burden of establishing eligibility for safety-valve relief, including the burden of showing that he truthfully provided the Government with all relevant information and evidence regarding the offense. *Flanagan*, 80 F.3d at 146-47. In deciding not to apply the safety-valve, the district court stated that it considered the information before the court in making its determination. The record shows that the information Juarez provided during his debrief contradicted information known to investigating officers. Therefore, the district court's determination that Juarez failed to satisfy the safety-valve provision is not clearly erroneous. *See Barfield*, 941 F.3d at 761.

AFFIRMED.